## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2015, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Barbara J. Simmons<br>Oldenburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Angela N. Sanchez<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio Floyd,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 7, 2015<br><br>Court of Appeals Case No.<br>49A04-1504-CR-143<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br><br>Trial Court Cause No.<br>49F08-1405-CM-26171 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Antonio Floyd was convicted of carrying a handgun without a license and possession of marijuana, both Class A misdemeanors. Floyd appeals only his conviction for carrying a handgun without a license, raising the issue of whether the evidence is sufficient to support the conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On May 19, 2014, Officer Eric Trost of Pike Township Schools was on foot patrol near an Indianapolis apartment complex when he smelled a strong odor of marijuana. In an attempt to locate the origin of the odor, Officer Trost turned around and discovered smoke emitting from a parked vehicle's front driver's side window. He observed an individual—later identified as Floyd— behind the wheel. Floyd, the vehicle's lone occupant, was the owner of the vehicle.

[3] Officer Trost approached the front of the vehicle and made eye contact with Floyd. Floyd, with his right hand, reached down between his legs toward the vehicle's floorboard. Fearing for his safety, Officer Trost raised his service weapon, pointed it at Floyd, and demanded Floyd put both hands in the air. Floyd obeyed Officer Trost's command.

[4] Thereafter, another police officer arrived on scene and removed Floyd from the vehicle. When the officer removed Floyd, a marijuana cigarette fell from

Floyd's lap onto the ground. Curious as to what Floyd had reached for on the floorboard, Officer Trost looked inside the vehicle and observed, in plain view, the handle of a black handgun sticking out from underneath the front driver's side seat. Police later discovered Floyd's uncle was the registered owner of the handgun, a .45 caliber Hi-Point. Floyd did not provide officers with a valid license to carry a handgun. Officer Trost placed Floyd under arrest.

[5] On May 20, the State charged Floyd with carrying a handgun without a license and possession of marijuana. A bench trial was held at which Floyd testified he had no knowledge of the handgun's presence inside the vehicle. He explained his uncle had recently borrowed the vehicle and must have forgotten the handgun was under the seat. In addition, Floyd stated he had no plans of driving the car and had not driven recently because the license plates were expired. Instead, he claimed he sat in the car and smoked marijuana while he waited for a friend to come pick him up. When Officer Trost approached the vehicle, Floyd reached down in an attempt "to put the marijuana out" in an ashtray. Transcript at 35. Floyd's uncle did not testify. The trial court found Floyd guilty of carrying a handgun without a license and possession of marijuana. Floyd now appeals his conviction for carrying a handgun without a license.

# Discussion and Decision

## I. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We neither reweigh the evidence nor reassess the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Drane*, 867 N.E.2d at 146-47 (citation omitted).

## II. Constructive Possession

Floyd argues the evidence is insufficient to support his conviction because the State failed to prove beyond a reasonable doubt he constructively possessed the handgun. "[A] person shall not carry a handgun in any vehicle or on or about the person's body without being licensed . . . to carry a handgun." Ind. Code § 35-47-2-1(a). Before a defendant can be convicted of carrying a handgun without a license, the State must prove the defendant had either actual or constructive possession of the handgun.[1] *K.F. v. State*, 961 N.E.2d 501, 509 (Ind. Ct. App. 2012), *trans. denied*.

> Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item.

---

[1] There is no evidence Floyd was in actual possession of the handgun.

> To prove capability, the State must show that the defendant is able to reduce the contraband to her personal possession. To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. This knowledge may be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances that point to the defendant's knowledge of the presence of the contraband. These additional circumstances may include incriminating statements by the defendant; flight or furtive gestures; defendant's proximity to the contraband; the contraband being in plain view; or the location of the contraband in close proximity to items owned by the defendant.

*Id.* at 509-10 (internal citations and quotation marks omitted).

[9] Floyd does not contend the evidence is insufficient to support a finding he had the capability to maintain dominion and control over the handgun. Rather, Floyd contends he did not have the intent to maintain dominion and control over the handgun because 1) he did not have exclusive dominion and control over the vehicle, and 2) he had no knowledge of the presence of the handgun. We disagree.

[10] Floyd was the sole occupant of the vehicle, which he owned. Once Floyd made eye contact with Officer Trost, Floyd made a furtive gesture towards the floorboard where the handgun was later discovered in plain view and in close proximity to where Floyd had been sitting. Floyd counters his testimony at trial established he had no knowledge of the handgun's presence, he did not have exclusive control of vehicle because his uncle had previously borrowed the car, and Floyd's furtive gesture was neither an attempt to possess nor hide the

handgun. Rather, Floyd contends his movement was an attempt to extinguish the marijuana cigarette in an ashtray. Floyd's arguments, however, invite us to reassess his credibility—an invitation we must decline when reviewing the sufficiency of the evidence. *See Bailey*, 907 N.E.2d at 1005. Therefore, we conclude the evidence is sufficient to show Floyd had the intent and capability to maintain dominion and control over the handgun. *See K.F.*, 961 N.E.2d at 509.

[11] Taking into account Floyd's proximity to the handgun and furtive movement inside the vehicle, coupled with the fact the vehicle was registered in Floyd's name, the handgun was discovered in plain view, and Floyd was the vehicle's lone occupant, we conclude the evidence was sufficient to prove beyond a reasonable doubt Floyd constructively possessed the handgun.

# Conclusion

[12] The evidence presented at trial is sufficient to support Floyd's conviction for carrying a handgun without a license. Floyd's conviction is therefore affirmed.

[13] Affirmed.

Barnes, J., and Altice, J., concur.